**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald Walters, et al.,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>Merrill George Roy, et al.,<br><br>　　　　　　　Defendants. | CV 04-1756-PHX-MS<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiffs' "Motion for Partial Reconsideration of Motion for Summary Judgment" (Doc. # 65).  Defendants did not file a Response.

　　　　Plaintiffs argue that the Court erred in determining that two of Defendants' properties were not transferred in violation of Arizona Uniform Fraudulent Conveyances Act ("UFCA"), A.R.S. § 44-1001 *et. seq.*  In support of this argument, Plaintiffs submit copies of deeds, which Plaintiffs argue demonstrate the Court's error.

　　　　Plaintiffs do not articulate the standard for a motion for reconsideration.  Generally, motions to reconsider are appropriate only if the Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  Plaintiffs do not allege an intervening change in the law or newly discovered evidence, and therefore the Court will only grant Plaintiffs' motion in the face of clear error.

　　　　Plaintiffs' motion for reconsideration focuses on two properties which the Court determined were not transferred in violation of Arizona's UFCA.  Specifically, those

properties are (1) 7505 E. Princess Dr., Mesa, Arizona and (2) 450 E. 3rd St., Mesa, Arizona, identified in this Court's February 23, 2006 Order as Properties A and E.

Plaintiffs' original motion for summary judgment alleged that Defendants transferred the aforementioned properties in violation of Arizona's UFCA. Specifically, Plaintiffs averred that Defendants transferred the properties out of the Royal Equity Trust, a family trust, after they were served with the complaint in this case. The complaint was served on August 23, 2004.

7505 E. Princess Dr., Mesa, Arizona - Property A

Plaintiffs' motion for summary judgment on the issue of Defendants' alleged violation of the UFCA hinged on when Defendants transferred the subject properties. With respect to Property A, Plaintiffs allege[1] the following relevant transfers:

1. January 22, 1999 - Transfer from Jon and Linda Mrgudich to Royal Equity Trust.

2. July 30, 2003 - Transfer from Royal Equity Trust to Hazel M. Mortensen

3. September 30, 2004 - Transfer from Hazel M. Mortensen to HM Mortensen Properties.

4. December 28, 2004 - Transfer from HM Mortensen Properties to the GMR Trust.

Plaintiffs allege in their motion for summary judgment that the transfers of the properties held in the Royal Equity Trust after they were served with the complaint in this case were violative of the UFCA. Arizona's UFCA prohibits the transfer of property after being threatened with suit in order to hinder the collection of a judgment. Plaintiffs have provided evidence that on July 30, 2003, the Royal Equity Trust transferred Property A out of the trust after the Defendants had been threatened with suit. Because Defendants have not objected to Plaintiffs' motion or presented any evidence to counter that presented by Plaintiffs, the Court will grant Plaintiffs' motion as to Property A.

---

[1] The transfers that are discusses are those which Plaintiffs have provided, but do not seem to be a complete description of the history of these properties' ownership.

<u>450 E. 3rd St., Mesa, Arizona - Property E</u>

With respect to Property E, Plaintiffs allege the following relevant transfers:

1. November 23, 1990 - Transfer from Hazel Brinkerhoff to Royal Equity Trust.

2. November 12, 2004 - Transfer from HM Mortensen Properties to My Mother's Trust.

3. December 28, 2004 - Transfer from HM Mortensen Properties to My Mother's Trust.

Plaintiffs have provided evidence that on September 30, 2004, the Royal Equity Trust transferred Property E out of the trust after the Defendants had been served with the complaint in this case. Moreover, because Defendants have not objected to Plaintiffs' motion or presented any evidence to counter that presented by Plaintiffs, the Court will grant Plaintiffs motion as to Property E.

In accordance with the foregoing,

IT IS ORDERED THAT :

1. Plaintiffs' "Motion for Partial Reconsideration of Motion for Summary Judgment" (Doc. # 65) is GRANTED.

2. This Court's February 23, 2006 Order is VACATED with respect to denying Plaintiffs' Motion for Summary Judgment as to Properties A and E.

3. Plaintiffs' Motion for Summary Judgment as to Properties A and E is GRANTED.

4. Plaintiffs have established that Properties (A) 7505 E. Princess Dr., Mesa, Arizona and (E) 450 E. 3rd St., Mesa, Arizona were transferred by Defendants in violation of Arizona's UFCA and therefore a constructive trust is established with respect to the two aforementioned properties.

///

///

///

5. Having resolved all remaining issues in this case, judgment shall be entered in favor of Plaintiffs and against Defendants. The clerk shall terminate this action.

DATED this 13th day of April, 2006.

_____
Morton Sitver
United States Magistrate Judge